IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>vs.<br><br>DALTON THEODORE HOLLAND,<br>    Defendant. | CASE NO: **4:21MJ3085**<br><br>**DETENTION ORDER** |

On the government's motion, the court held a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f). The court concludes the defendant must be federally detained.[1]

There is a rebuttable presumption that no condition or combination of conditions of release will reasonably assure the defendant's appearance at court proceedings and the safety of the community because there is probable cause to believe the defendant committed a felony involving possession or use of a firearm or destructive device or any other dangerous weapon. The defendant has not rebutted this presumption.

Based on the evidence presented and information of record, the court finds by a preponderance of the evidence that the defendant's release would pose a risk of nonappearance at court proceedings, and by clear and convincing evidence that the defendant's release would pose a risk of harm to the public.

Specifically, the court finds that the defendant has a criminal history of violating court orders and the law, including drug and firearms offenses,

---

[1] The federal government has elected to currently proceed with its federal case, with the defendant remaining in federal custody. 18 U.S.C. § 3161(j)(1). As such, the defendant cannot object to his transfer from state custody into federal custody, and the defendant cannot elect to return to state custody.

obstruction of justice, and fleeing from law enforcement to avoid arrest; previously violated conditions of release by engaging criminal activities; has a history of harming or threatening harm to others; is addicted to or abuses mood-altering chemicals; has limited employment contacts; has failed to appear for court proceedings in the past; is currently in state custody serving a sentence on a felony conviction; and conditions which restrict Defendant's travel, personal contacts, and possession of drugs, alcohol, and/or firearms; require reporting, education, employment, or treatment; or monitor Defendant's movements or conduct; or any combination of these conditions or others currently proposed or available (see 18 U.S.C. § 3142(c)), will not sufficiently ameliorate the risks posed if the defendant is released.

## Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The defendant must be afforded a reasonable opportunity to consult privately with defense counsel.  On order of the United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance.

Dated August 9, 2021.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge